Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Castro Business Enterprises LLC D/B/A NGX Military Stores<br><br>Peticionarios<br><br>vs.<br><br>Fideicomiso de la Guardia Nacional de Puerto Rico, Fideicomiso Institucional de la Guardia Nacional De P.R.; en su capacidad de Seguros y Fianzas ABC<br><br>Recurridos | TA2025CE00001 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil Núm.: SJ2022CV05810<br><br>Sobre:<br><br>Incumplimiento de Contrato, Injunction |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de junio de 2025.

Comparece Castro Business Enterprises LLC. (en lo sucesivo, peticionaria) y nos solicita la revocación de la "Resolución" emitida el 13 de mayo de 2025[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario). Mediante el referido dictamen, el foro primario decretó el archivo administrativo del caso de autos hasta tanto se reciba la notificación oficial del levantamiento del "automatic stay", según las disposiciones de la ley PROMESA, *infra.*

Tras evaluar el recurso presentado por los peticionarios, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver.

---

[1] Notificada el 14 de mayo de 2025.

Véase, Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, denegamos la expedición del recurso por los fundamentos que expondremos a continuación.

**I.**

El 29 de junio de 2022, la peticionaria presentó "Demanda Jurada de Sentencia Declaratoria y Petición de Injunction Preliminar y Permanente" contra el Fideicomiso Institucional de la Guardia Nacional de Puerto Rico (en lo sucesivo, FIGNA) y los demás codemandados de epígrafe. En síntesis, adujo que FIGNA incumplió con las cláusulas de notificación previo a cancelación, y con las cláusulas sobre renegociación pactadas en el contrato habido entre las partes. Luego de varios trámites procesales que incluyeron el desistimiento en cuanto a varios codemandados, y la desestimación del interdicto solicitado, los procedimientos continuaron mediante el trámite civil ordinario contra FIGNA.

El 11 de septiembre de 2024, FIGNA presentó un "Aviso de Injunction Paralizando la Litigación del Presente Caso y Sobre el Requisito de Presentar una Solicitud de Gastos Administrativos ante el Tribunal Federal Bajo el Título III de la Ley Promesa". Arguyó que al amparo de la Puerto Rico Oversight, Management, and Economic Stability Act (en adelante, PROMESA), 48 USCA sec. 2101 *et seq*, el foro judicial local carece de jurisdicción para atender el caso de autos debido a la paralización automática de pleitos que entró en efecto luego de que el Gobierno de Puerto Rico se acogiera al proceso de quiebra, conforme a las disposiciones de la ley PROMESA, *Id.*

Luego de varios incidentes procesales, el foro primario declaró No Ha Lugar la solicitud de paralización mediante orden

del 24 de febrero de 2025. Inconforme con dicha determinación, FIGNA presentó el 11 de marzo de 2025 una "Moción de Reconsideración de Orden Denegando Aviso de Injunction para Paralizar la Litigación del Presente Caso y Sobre Caso y Sobre el Requisito de Presentar una Solicitud de Gastos Administrativos ante el Tribunal Federal Bajo el Título III de la Ley PROMESA".

En respuesta, el 13 de mayo de 2025, el TPI emitió la "Resolución" recurrida. Razonó el foro que los fondos administrados por FIGNA están destinados a apoyar las operaciones de la Guardia Nacional de Puerto Rico, una instrumentalidad del Estado Libre Asociado con un fin claramente gubernamental, por ende, aplica el "automatic stay" dispuesto por PROMESA, *Id.* En virtud de ello, el TPI se declaró sin jurisdicción para atender el caso hasta tanto el foro federal deje sin efecto la paralización. En consecuencia, dejó sin efecto la Orden del 24 de febrero de 2025 y decretó el archivo del caso de epígrafe.

Insatisfecho con la determinación, la parte peticionaria recurre ante este foro revisor intermedio y señala la comisión de los siguientes errores:

> ***Primer Error****: Erró el Honorable Tribunal de Primera Instancia al decretar la paralización automática de PROMESA a una entidad independiente al ELA que no forma y nunca ha formado parte del proceso de quiebra ventilado en el Tribunal Federal.*

> ***Segundo Error****: Erró el tribunal de primera instancia al quebrantar los principios de federalismo que permean en nuestro ordenamiento jurídico al abrogarse jurisdicción federal al conceder un remedio bajo la ley federal PROMESA cuando ninguna parte lo solicitado en el foro federal.*

> ***Tercer Error****: Erró el tribunal de primera instancia al descorrer, de facto, el velo corporativo del Fideicomiso Institucional de la Guardia Nacional al aplicar la paralización automática de PROMESA.*

> ***Cuarto Error****: Erró el tribunal de primera instancia al acoger una moción de reconsideración presentada de manera tardía y la cual no cumple con los criterios regulatorios de las Reglas de Procedimiento Civil.*

**II.**

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo podrá revisar determinaciones interlocutorias dictadas por el foro primario cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en aquellas situaciones en que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Nuestro Alto Foro ha expresado que el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Ahora bien, aun cuando la expedición de este recurso recae dentro de la discreción de este Foro, lo cierto es que, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial considerará los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

### III.

A la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*, no encontramos criterio alguno que nos mueva a expedir el recurso discrecional presentado por la parte peticionaria. Nada en el expediente demuestra que el foro recurrido haya actuado con prejuicio, parcialidad, abuso de discreción o error manifiesto, por lo que el dictamen recurrido merece nuestra deferencia. En consecuencia, denegamos expedir el recurso solicitado, debido a que no cumple con ninguno de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*.

### IV.

Por los fundamentos expuestos, los que hacemos formar parte del presente dictamen, denegamos la expedición del auto de *Certiorari* solicitado por Castro Business Enterprises LLC.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones